UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 1:15cv1231 |
| v. | ) | |
| | ) | Hon. Paul L. Maloney |
| CMS Energy Corporation, | ) | |
| CMS Land Company, | ) | Magistrate Judge Ray Kent |
| CMS Capital, L.L.C., | ) | |
| Bay Harbor Company, L.L.C., and | ) | |
| Bay Harbor Golf Club, Inc., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |
| _____ | ) | |

**CONSENT DECREE**

## TABLE OF CONTENTS

I.     BACKGROUND ............................................................................................................ 1

II.    JURISDICTION ........................................................................................................... 1

III.   PARTIES BOUND ...................................................................................................... 1

IV.   DEFINITIONS............................................................................................................ 2

V.    PAYMENT OF PAST RESPONSE COSTS................................................................ 3

VI.   FAILURE TO COMPLY WITH CONSENT DECREE ............................................. 4

VII.  COVENANTS BY PLAINTIFF ............................................................................... 5

VIII. RESERVATIONS OF RIGHTS BY UNITED STATES............................................ 6

IX.   COVENANTS BY SETTLING DEFENDANTS ..................................................... 6

X.    EFFECT OF SETTLEMENT/CONTRIBUTION ..................................................... 7

XI.   RECORD RETENTION/ACCESS TO INFORMATION ......................................... 9

XII.  NOTICES AND SUBMISSIONS ............................................................................. 10

XIII. RETENTION OF JURISDICTION .......................................................................... 12

XIV. INTEGRATION/APPENDIX.................................................................................... 12

XV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ................................ 12

XVI. SIGNATORIES/SERVICE....................................................................................... 12

XVII. FINAL JUDGMENT ............................................................................................... 13

## I.    BACKGROUND

A.      The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency (EPA), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 (CERCLA), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Little Traverse Bay CKD Release Site in Emmett County, Michigan (the "Site," as defined below).

B.      This Consent Decree addresses the liability of the defendants in this case (the "Settling Defendants," as defined below) for response costs that the United States has incurred and may incur in connection with the Site. Ongoing response activities at the Site are being performed by certain defendants under a 2012 Agreement with the Michigan Department of Environmental Quality (the "2012 State Agreement," as defined below). Among other things, the 2012 State Agreement includes provisions addressing performance of response activities, response action oversight, land use and resource use restrictions, access, emergency response, record retention and access to information, and transfers of property at the Site.

C.      The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.    JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.    PARTIES BOUND

2.      This Consent Decree is binding upon the United States, and upon Settling Defendants and their heirs, successors, and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV.    DEFINITIONS

3.      Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"2005 AOC" shall mean the Administrative Order on Consent for Removal Action in the Matter of Little Traverse Bay CKD Release Site, Docket No. VW-05-C-810.

"2012 State Agreement" shall mean the 2012 Agreement relating to the Site among CMS and the Michigan Department of Environmental Quality, MDEQ Reference No. RD 11-006. A copy of the 2012 State Agreement has been docketed in this case as ECF No. 5-10 and 5-11.

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"CMS" shall mean CMS Energy Corporation, CMS Land Company and CMS Capital, LLC, and their successors and assigns.

"Consent Decree" shall mean this Consent Decree. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"Date of Lodging" shall mean the date upon which this Consent Decree is lodged with the Court, before commencement of the public comment period envisioned by Section XV.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and Settling Defendants.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through the Date of Lodging, plus accrued Interest on all such costs through such date.  For the avoidance of doubt, the "Past Response Costs" shall include, but shall not be limited to, all costs, including direct and indirect costs, that the United States has incurred in reviewing and developing plans, reports, and other items pursuant to the 2005 AOC, verifying the work under the 2005 AOC, or otherwise implementing, overseeing, or enforcing the 2005 AOC.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean CMS Energy Corporation, CMS Land Company, CMS Capital, L.L.C., Bay Harbor Company, L.L.C., and Bay Harbor Golf Club, Inc.

"Settling Defendants' Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that Settling Defendants have paid at or in connection with the Site through the Date of Lodging.

"Site" shall mean the Little Traverse Bay CKD Release Site, encompassing approximately 1000 acres, including about five miles of shoreline at the Little Traverse Bay, in Emmet County, Michigan, as generally shown on the map attached as Appendix A.

"State" shall mean the State of Michigan.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.      PAYMENT OF PAST RESPONSE COSTS

4.      **Payment by Settling Defendants for Past Response Costs**.  By no later than December 31, 2018, Defendant CMS Energy Corporation shall pay eight million dollars ($8,000,000) into the interest-bearing Court Registry Account of the United States District Court for the Western District of Michigan.  CMS shall send notice that payment has been made in accordance with Paragraph 7.

5.     **Payments from the Court Registry Account.** After entry of this Consent Decree, the funds deposited into the Court Registry Account under this Consent Decree (and all accrued interest) shall be disbursed pursuant to a separate Withdrawal Order of the Court, which shall provide for payment of eight million dollars ($8,000,000) plus all accrued interest to the United States.  In the event the United States withdraws or withholds consent to this Consent Decree before entry, or the Court declines to enter the Consent Decree, the funds deposited into the Court Registry Account (and all accrued interest) shall be returned to CMS Energy Corporation pursuant to a separate Withdrawal Order of the Court.

6.     **Deposit of Payment**. The total amount to be paid to the United States pursuant to Paragraph 5 shall be deposited by EPA in the EPA Hazardous Substance Superfund.

7.     **Notice of Payment**. At the time of payment, Settling Defendants shall send notice that payment has been made: (a) to EPA in accordance with Section XII (Notices and Submissions); (b) to DOJ by email or by mail in accordance with Section XII (Notices and Submissions); and (c) to the EPA Cincinnati Finance Center by email or by regular mail at:

**Email**:                      cinwd_acctsreceivable@epa.gov

**Regular mail**:          EPA Cincinnati Finance Center
                                26 W. Martin Luther King Drive
                                Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number B5AM, and DJ Number 90-11-3-10295.

## VI.     FAILURE TO COMPLY WITH CONSENT DECREE

8.     **Interest on Late Payments**. If any Settling Defendant fails to make any payment under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9.     **Stipulated Penalty**

a.     If any amounts due to EPA under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $5,000 per violation per day that such payment is late.

b.     Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire EFT to:

Federal Reserve Bank of New York
ABA = 021030004
Account = 68010727
SWIFT address = FRNYUS33
33 Liberty Street
New York NY 10045
Field Tag 4200 of the Fedwire message should read
"D 68010727 Environmental Protection Agency"

c.    At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ as provided in Paragraph 7 (Notice of Payment).

d.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

10.    If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11.    Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

12.    The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several. In the event of the insolvency of any Settling Defendant or the failure by any Settling Defendant to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

13.    Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section V (Payment of Past Response Costs) or from performance of any other requirements of this Consent Decree.

## VII.    COVENANTS BY PLAINTIFF

14.    **Covenants for Settling Defendants by United States**. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. These covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. These covenants extend only to Settling Defendants and do not extend to any other person.

5

## VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES

15.     The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within Paragraph 14 (Covenants for Settling Defendants by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

      a.     liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

      b.     liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

      c.     liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

      d.     criminal liability; and

      e.     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.     COVENANTS BY SETTLING DEFENDANTS

16.     **Covenants by Settling Defendants**. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs, Settling Defendants' Past Response Costs, and this Consent Decree, including but not limited to:

      a.     any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b.     any claim arising out of the response actions at the Site for which the Past Response Costs or Settling Defendants' Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Michigan, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

      c.     any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs or Settling Defendants' Past Response Costs.

17.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

18. **Waiver of Claims by Settling Defendants**

a. Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have:

(1) *De Micromis* **Waiver**. For all matters relating to the Site against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials;

(2) *De Minimis*/**Ability to Pay Waiver**. For response costs relating to the Site against any person that has entered or in the future enters into a final CERCLA § 122(g) *de minimis* settlement, or a final settlement based on limited ability to pay, with EPA with respect to the Site.

b. Exceptions to Waivers

(1) The waivers under this Paragraph 18 shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person otherwise covered by such waivers if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

(2) The waiver under Paragraph 18.a(1) (De Micromis Waiver) shall not apply to any claim or cause of action against any person otherwise covered by such waiver if EPA determines that: (i) the materials containing hazardous substances contributed to the Site by such person contributed significantly or could contribute significantly, either individually or in the aggregate, to the cost of the response action or natural resource restoration at the Site; or (ii) such person has failed to comply with any information request or administrative subpoena issued pursuant to Section 104(e) or 122(e)(3)(B) of CERCLA, 42 U.S.C. § 9604(e) or 9622(e)(3)(B), or Section 3007 of RCRA, 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site; or if (iii) such person has been convicted of a criminal violation for the conduct to which the waiver would apply and that conviction has not been vitiated on appeal or otherwise.

## X.   EFFECT OF SETTLEMENT/CONTRIBUTION

19. Except as provided in Paragraph 18 (Waiver of Claims by Settling Defendants), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as

7

provided in Section IX (Covenants by Settling Defendants), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

20.     The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs and Settling Defendants' Past Response Costs.

21.     The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

22.     Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

23.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII.

24.     For the purposes of any subsequent administrative or judicial proceeding initiated by the United States relating to the Site, each of the Settling Defendants admits that it is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all response costs incurred by the United States for response actions at or in connection with the Site not

inconsistent with the National Contingency Plan. Upon its entry by the Court, this Consent Decree shall constitute a declaratory judgment that Settling Defendants are liable to the United States for response costs associated with the Site, not inconsistent with the National Contingency Plan, which will be binding on any subsequent action or actions to recover further response costs as provided by CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2).

25.    Nothing in this Consent Decree shall be construed as affecting the validity or enforceability of the 2012 State Agreement. Settling Defendants hereby agree that the performance of their obligations under this Consent Decree shall not constitute cause for terminating the 2012 State Agreement or a reversion to EPA oversight under Section XXX of the 2012 State Agreement.

## XI.    RECORD RETENTION/ACCESS TO INFORMATION

26.    Until 10 years after completion of operation and maintenance and long-term monitoring at the Site, CMS shall preserve and retain all records described in Section XII of the 2012 State Agreement, including all records, sampling and test results, charts, and other documents relating to the release or threatened release of hazardous substances from CKD Waste Materials, and the storage, generation, disposal, treatment, and handling of hazardous substances it handled at the Site; and any other records that are maintained or generated pursuant to any requirement of the 2012 State Agreement, including records that are maintained or generated by representatives, consultants, or contractors of CMS (hereinafter referred to as "Records"). However, CMS shall retain any records pertaining to land use or resource use restrictions until the land use and/or resource use restrictions are no longer needed.

27.    Upon request by EPA, Settling Defendants shall provide copies of all Records within their possession or control or that of their contractors or agents relating to activities at the Site.

28.    **Privileged and Protected Claims**

a.    Settling Defendants may assert that all or part of a Record is privileged or protected as provided under federal law, provided they comply with Paragraph 28.b, and except as provided in Paragraph 28.c.

b.    If Settling Defendants assert a claim of privilege or protection, they shall provide Plaintiffs with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, Settling Defendants shall provide the Record to Plaintiffs in redacted form to mask the privileged or protected information only. Settling Defendants shall retain all Records that they claim to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendants' favor.

c.    Settling Defendants may make no claim of privilege or protection regarding:

      (1)      any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

      (2)      the portion of any Record that Settling Defendants are required to create or generate pursuant to this Consent Decree.

29.    **Business Confidential Claims**. Settling Defendants may assert that all or part of a Record submitted to Plaintiff under this Section is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Settling Defendants shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendants assert a business confidentiality claim. Records that Settling Defendants claim to be confidential business information will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendants that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendants.

30.    Notwithstanding any provision of this Consent Decree, the United States retains all of its information gathering, inspection, and Site access authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

31.    Each Settling Defendant certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State and that it has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

## XII.   NOTICES AND SUBMISSIONS

32.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email**:      eescdcopy.enrd@usdoj.gov
                      Re: DJ# 90-11-3-10295

**As to DOJ by mail**:  EES Case Management Unit
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-3-10295

**As to EPA**:  Mary L. Fulghum
Associate Regional Counsel
U.S. EPA, Region 5
77 West Jackson Boulevard
Mail Code: C-14J
Chicago, IL 60604-3507

Leslie Patterson
Remedial Project Manager
U.S. EPA, Region 5
77 West Jackson Boulevard
Mail Code: SR-6J
Chicago, IL 60604-3507

**As to Settling Defendants**:  For CMS:
Catherine M. Reynolds
Senior Vice President and General Counsel
CMS Energy Corporation
One Energy Plaza, EP12-244
Jackson, MI 49201
Catherine.reynolds@cmsenergy.com

For Bay Harbor Company, L.L.C.:
Bay Harbor Company, LLC
Attn: David V. Johnson
4000 Main Street
Bay Harbor, MI 49770

Bay Harbor Company, LLC
Attn: Jennifer Merriman
7640 Dixie Highway
Suite 100
Clarkston MI 48346

Carson Fischer, PLC
Attn:  Robert M. Carson
4111 Andover Road
West – 2nd Floor
Bloomfield Hills, MI 48302
rcarson@carsonfischer.com

For Bay Harbor Golf Club, Inc.:
Philip A. Grashoff, Jr.
Smith Haughey Rice & Roegge
100 Monroe Center NW
Grand Rapids, MI 49603
pgrashoff@shrr.com

## XIII.   RETENTION OF JURISDICTION

33.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV.   INTEGRATION/APPENDIX

34.    This Consent Decree and its Appendix constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following Appendix is attached to and incorporated into this Consent Decree:  "Appendix A" is the map of the Site.

## XV.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

35.    This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

36.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.   SIGNATORIES/SERVICE

37.    Each undersigned representative of a Settling Defendant and the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

38.     Each Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

39.     Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII.  FINAL JUDGMENT

40.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS 24  DAY OF   April    , 20 19.


Date:    April 24, 2019                    /s/ Paul L. Maloney
                                          _____
                                          United States District Judge
                                          Western District of Michigan

13

Signature Page for Consent Decree Regarding Little Traverse Bay CKD Releases Site

**FOR THE UNITED STATES:**

3/3/19

Dated

JEFFREY BOSSERT CLARK
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

STEVEN D. ELLIS
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC  20044-7611

PATRICK A. MILES, JR.
United States Attorney
Western District of Michigan

ADAM B. TOWNSHEND
Assistant United States Attorney
Western District of Michigan
330 Ionia Ave. NW, Suite 501
Grand Rapids, MI  49503

14

Signature Page for Consent Decree Regarding Little Traverse Bay CKD Releases Site

THOMAS RICHARD SHORT JR.
Acting Director, Superfund Division
U.S. Environmental Protection Agency, Region 5
77 W. Jackson Blvd.
Chicago, IL 60604

MARY L. FULGHUM
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 W. Jackson Blvd.
Chicago, IL 60604

Signature Page for Consent Decree Regarding Little Traverse Bay CKD Releases Site

**FOR SETTLING DEFENDANTS**
**CMS ENERGY CORPORATION,**
**CMS LAND COMPANY, AND**
**CMS CAPITAL, L.L.C**

12/17/18
Dated

Catherine M. Reynolds
Senior Vice President and General Counsel
CMS Energy Corporation
One Energy Plaza, EP12-244
Jackson, MI 49201

Signature Page for Consent Decree Regarding Little Traverse Bay CKD Releases Site

**FOR SETTLING DEFENDANT**
**BAY HARBOR COMPANY, L.L.C.**

14 December 2018
_____
Dated

David Johnson
Chairman

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:      Robert Carson
Address:   Carson Fischer, PLC
           4111 Andover Road West, 2nd Floor
           Bloomfield Hills, MI 48302
Phone:     248-644-4840
email:     rcarson@carsonfischer.com

Signature Page for Consent Decree Regarding Little Traverse Bay CKD Releases Site

**FOR SETTLING DEFENDANT
BAY HARBOR GOLF CLUB, INC.**

12/15/18

Dated

Stephen Kircher
President

Agent Authorized to Accept Service on Behalf of Above-signed Party:

| | |
|---|---|
| Name: | Philip A. Grashoff, Jr. |
| Address: | Kotz Sangster Wysocki P.C. |
| | 36700 Woodward Ave., Suite 202 |
| | Bloomfield Hills, MI 48304 |
| Phone: | 248-646-2073 |
| email: | pgrashoff@kotzsangster.com |

CH2\21603830.1\

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,                    )
                                             )
            PLAINTIFF,                        )
                                             )       Case No. 1:15cv1231
v.                                           )
                                             )       Hon. Paul L. Maloney
CMS Energy Corporation,                      )
CMS Land Company,                            )       Magistrate Judge Ray Kent
CMS Capital, L.L.C.,                         )
Bay Harbor Company, L.L.C., and              )
Bay Harbor Golf Club, Inc.,                  )
                                             )
            DEFENDANTS.                       )
                                             )
_____)


**APPENDIX A TO CONSENT DECREE**
**MAP OF LITTLE TRAVERSE BAY RELEASE SITE**



